UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DON C. AMERSON, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:07CV00149 ERW |
| MICHAEL TOMLINSON, et al., | ) ) ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Don C. Amerson, Sr. for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $19.17, and an average monthly account balance of $7.19. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.83, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The complaint and supplement

Plaintiff, an inmate at the Dunklin County Jail in Kennett, Missouri, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Michael Tomlinson (Chief of Police) and

Brent Howren ("Police Officer Investigator"). Plaintiff alleges that he was arrested in Steele, Missouri, on August 7, 2007, for domestic violence. He states that he was transferred to the Pemiscot County Jail, where he "was placed on 24 hour hold for investigation" by the Steele Police Department. An arrest warrant was issued, and plaintiff was charged with "assaulting someone with the handle of a knife that was later told in court that they weren't assaulted with a knife but another instrument." Plaintiff claims that defendant Tomlinson's police report stated "that the victim told him she was hit in the head with a bar stool. But [she] rewrote a statement claiming she was hit in the head with the handle of a knife." Plaintiff further claims that, although he was arrested for assault with the end of a knife, the victim stated, under oath, that she was hit in the head with a piece of a bar stool. In addition, plaintiff complains that defendant Tomlinson did not conduct an investigation of the crime scene until "3-4 days [after August 7] where the victim stated she had cleaned up the scene of the crime." Last, plaintiff alleges that defendant Howren "has been observed in and out of [plaintiff's] home for the past month and a half . . . [and] [t]here was no investigation on the 7th or 8th but days later."

## Discussion

A review of the Missouri State Courts Automated Case Management System indicates that plaintiff pleaded guilty to the underlying state criminal charge (first degree assault) on January 9, 2008, in Dunklin County Circuit Court. *See State of Missouri v. Amerson*, No. 07DU-CR01617 (Cir.Ct.Dunklin Co. 2007). Thus, to the extent that plaintiff is now alleging that his arrest, present detention, and/or conviction are unlawful, his claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)(before recovering damages for allegedly unconstitutional conviction or imprisonment, plaintiff must prove that the decision has been reversed, expunged, or declared invalid

3

by a state tribunal, or questioned by a federal court's issuance of a writ of habeas corpus). As such, the Court will order plaintiff to show cause within twenty (20) days of the date of this Order as to why the Court should not dismiss the instant action as *Heck*-barred.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $3.83 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause within twenty (20) days of the date of this Order as to why the Court should not dismiss the instant action as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff's failure to file a show cause response shall result in the dismissal of this action.

So Ordered this 31st Day of January, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE